IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| CNH CAPITAL AMERICA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BLAND FARMS, LLC, | § | Case No.: 6:12-cv-00003-BAE-GRS |
| MIKE AND TRAVIS FARMS, LTD., | § | |
| and MICHAEL G. COLLINS, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## NOTICE OF FILING DECLARATION OF THERESE BOUWENSE

Defendant, Bland Farms, LLC ("Bland Farms"), by and though its undersigned counsel, hereby gives notice of filing the Declaration of Therese Bouwense in support of Bland Farms' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment Against Defendant Bland Farms, and any other proceeding in connection with this action.

Respectfully submitted,

Daniel O. Mena, Esq.
AVILA RODRIGUEZ HERNANDEZ
MENA & FERRI LLP
*Counsel for Bland Farms, LLC*
*\*Admitted Pro Hac Vice*
2525 Ponce de Leon Blvd., Suite 1225
Coral Gables, FL 33134
Telephone: (305) 779-3575
Facsimile:  (305) 779-3561
E-mail: dmena@arhmf.com

AND

Notice of Filing Declaration of Therese Bouwense,
Case No.: 6:12-cv-00003-BAE-GRS

William E. Dillard, Esq.
BRENNAN AND WASDEN, LLP
*Counsel for Bland Farms, LLC*
P.O. Box 8047
Savannah, Georgia 31412
Telephone: (912) 232-6700
Facsimile:  (912) 232-0799
E-mail: bdillard@brennanandwasden.com

By:_ s/Daniel O. Mena_____
      Daniel O. Mena, Esq.
      Fl. Bar No. 59579
      Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Daniel O. Mena
_____
By: Daniel O. Mena, Esq.

2

Notice of Filing Declaration of Therese Bouwense,
Case No.: 6:12-cv-00003-BAE-GRS

## SERVICE LIST

**CNH CAPITAL AMERICA LLC v. BLAND FARMS, LLC,
MIKE AND TRAVIS FARMS, LTD., and MICHAEL G. COLLINS,
Case No. 6:12-cv-00003-BAE-GRS
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

David A. Garland, Esq.
Matthew E. Eutzler, Esq.
Moore, Clarke, DuVall, and Rodgers, P.C.
2829 Old Dawson Road (31707)
Post Officer Drawer
Albany, GA 31708-1727
Telephone: (229) 888-3338
Facsimile:  (229) 888-1191
Email: dgarland@mcdr-law.com
Email: meutzler@mcdr-law.com
*Counsel for Plaintiff*
Served via transmission of Notice of Electronic
Filing generated by CM/ECF

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION



| | | |
|---|---|---|
| CNH CAPITAL AMERICA LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | C.A. No.: 6:12-cv-00003-BAE-GRS |
| v. | § | |
| | § | |
| BLAND FARMS, LLC, | § | |
| MIKE AND TRAVIS FARMS, LTD., | § | |
| and MICHAEL G. COLLINS, | § | |
| | § | |
| **Defendants.** | | |

DECLARATION OF THERESE BOUWENSE
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST DEFENDANT BLAND FARMS, LLC

I, Therese Bouwense, make the following declaration under penalty of perjury pursuant to 28 U.S.C. §1746.

1.    My name is Therese Bouwense, I am over the age of eighteen, and I am competent to make this Declaration. The statements contained herein are based on my personal knowledge, unless otherwise indicated.

2.    I am the Director of Finance for Bland Farms, LLC ("Bland Farms"), one of the defendants in this action.

3.    On September 1, 2004, Bland Farms entered into a written Sharecropper Agreement with Mike Collins and Mike and Travis Farms (collectively "Collins"). A copy of the Sharecropper Agreement is attached hereto as Exhibit 1. The Sharecropper Agreement set forth the payment arrangement between Bland Farms and Collins in connection with the harvesting, packaging, marketing and sale of onions grown on Collins' land. Pursuant to the Sharecropper Agreement, Collins was entitled to receive the payment from the sale of onions

after Bland Farms received a sales commission of eight percent (8%) and reimbursement of its expenses incurred in harvesting, packaging, marketing and/or selling the subject onions.

4.     On or about December 1, 2010, Collins obtained a line of credit. Even before this, however, Bland Farms understood that CNH Capital America LLC ("CNH"), the plaintiff in this action, had been Collins' lender since at least 2008. On December 1, 2010, Bland Farms signed a Subordination Agreement with CNH, for which Bland Farms received nothing in return. At the time the Subordination Agreement was signed, CNH had knowledge that Bland Farms would sell the subject crops and CNH understood and acquiesced to the payment terms in the Sharecropper Agreement. CNH was familiar with the relationship between Bland Farms and Collins, as CNH had been Collins' lender for years.

5.     The Subordination Agreement only applied to monies paid by Collins to Bland Farms. Bland Farms, however, never received, nor was supposed to receive, monies or payments from Collins in connection with the sale of the onions. Instead, Bland Farms sold the onions on behalf of Collins and was only required to pay Collins or CNH after Bland Farms was paid its commission and expenses in connection with the sale of the onions – the same or similar terms as the payment terms in the Sharecropper Agreement.

6.     During the 2011 season, Bland Farms, in exchange for its commission and reimbursement of its expenses, in fact packaged, marketed and sold onions on behalf of Collins. This benefitted both Collins and CNH, as Collins' lender. Both CNH and Collins were in agreement with this arrangement.

7.     During the 2011 season, Bland Farms dealt directly with both CNH and Collins with respect to the harvesting, packaging, marketing and/or selling of the onions, including Bland Farms' expenses and commission. The agreement between Bland Farms, Collins and

2

CNH, as borne out by the actual course of dealings and conduct, was that Bland Farms was paid

its commission and reimbursed for its expenses in packaging, marketing, and selling the crops

from the monies paid for the onions by Bland Farms' customers. Only the balance after the

payments to Bland Farms was owed and paid by Bland Farms to Collins and to CNH, as Collins'

lender.

8.      During 2011, CNH and Collins regularly received communications and

spreadsheets of the proceeds and expenses relating to Bland Farms' sale of Collins' onions which

described the distribution of the monies generated from the onion sales, as well as Bland Farms'

commission and expenses incurred in harvesting, packaging, marketing and/or selling the onions.

CNH and Collins also received other reports and information about the onions, some of which

were specifically requested by CNH.

9.      CNH and Collins did not object to the application of the monies generated by the

sales of the onions described in the spreadsheets that CNH regularly received from Bland Farms.

Of course, these reports detailed that, prior to payment to Collins or CNH, Bland Farms was

receiving its commissions and expenses, including hauling fees, clip fees, VSO assessments,

packing fees and materials, which Bland Farms incurred in harvesting, packaging, marketing

and/or selling the subject onions. This was nothing new, as this course of dealing is typical in

our industry and had always been in effect between us since the Sharecropper Agreement.

10.     During the 2011 season, CNH and Collins regularly accepted and deposited

payments from Bland Farms in connection with the sale of the onions in this manner with

knowledge of the manner in which the monies generated by the sales of the onions were being

applied.

Declaration of Therese Bouwense,
Case No.: 6:12-cv-00003-BAE-GRS

11.    Attached as Composite Exhibit 2 are examples of the spreadsheets that CNH regularly received from Bland Farms detailing the commissions and expenses paid to Bland Farms and checks received and deposited by CNH from Bland Farms from the sales of the onions.

12.    Bland Farms, while acting in good faith, added significant value to the onions, the cost of which was fronted by Bland Farms and reimbursed upon sale, as noted above. The value added by Bland Farms to the onions was a benefit to Collins and CNH because this allowed the onions to be sold at a good market price and allowed Collins and CNH to receive significant money for the onions. Without the value added by Bland Farms, the subject onions would not have been sold and CNH would not have received anything or, at best, would have received a much smaller sum than it ultimately received from Bland Farms' sale of the onions.

13.    CNH and/or Collins received and accepted over $1,300,000 in checks from Bland Farms in connection with the sale of the onions in 2011. CNH and Collins accepted and deposited these checks without objecting at the time.

14.    Collins and CNH both needed and wanted Bland Farms to sell Collins' onions. Collins is a grower of onions, rather than a seller. Collins did not have the ability to properly package the onions, palletize the onions, or market the onions for sale. Bland Farms, by contrast, is in the business of growing, packaging, marketing and selling onions using its packing house and distribution channels. Collins' onions, without Bland Farms' services and added value, would have been sold, if at all, for far less money. In any case, these services would had to have been provided in order for the onions to be sold. CNH stood to benefit, and did benefit, financially from using Bland Farms to package, market and sell the onions.

4

15.    At all times, Bland Farms took possession of, packaged, marketed and sold the onions with the full consent and knowledge of CNH and Collins.  At all times, CNH and Collins were fully aware that Bland Farms was charging a commission and fronting expenses for the packaging, marketing and sale of the onions.  At all times, CNH and Collins knew that Bland Farms would be, and was being, paid its commission and reimbursed for its expenses from the sale of the onions, with the balance owed and remitted to CNH and Collins.  This was the course of dealing of the parties at all times and constituted the agreement for the sale of Collins' onions.  The parties' subsequent oral agreements, oral and written communications and course of dealings during the 2011 season modified and changed any earlier written agreements, including the Sharecropper Agreement and the Subordination Agreement, to the extent they can be read to say anything different.

16.    The foregoing occurred well after the Subordination Agreement was signed and the Notice of Security Interest was sent.  The Subordination Agreement and the Notice of Security Interest did not change any of the above.  The purpose of the Subordination Agreement was never to prevent Bland Farms from being paid its expenses and commission from the Bland Farms' sale of the onions or to allow CNH to be repaid its loan before Bland Farms was paid.  Bland Farms' right to receive its commissions and expenses in connection with the harvesting, packaging, marketing and/or sale of the onions was not subordinated to CNH's interest in the onions or the sales monies, nor does the Subordination Agreement say this.  The Subordination Agreement did not give CNH or Collins the right to receive any of the money generated from the sale of the subject onions.  Bland Farms did not purchase crops from Collins during the 2011 season, and Bland Farms would not, and did not, receive money from Collins in connection with the 2011 onion sales.  Further, CNH's or Collins' right to receive payment from the sale of the

Declaration of Therese Bouwense,
Case No.: 6:12-cv-00003-BAE-GRS

subject onions did not include the commissions and expenses incurred by Bland Farms in connection with the sale of the onions.

17.     Bland Farms did not breach the Subordination Agreement, convert CNH's collateral or act in bad faith.

18.     Collins' onion harvest had a problem that resulted in an unusually low yield rate which was not in any way the fault of or attributable to Bland Farms. I was told by CNH that it CNH had been counting on a much higher yield rate from the onions for repayment. Chad Wolfe, Regional Credit Manager for CNH, informed me after the 2011 season that as a result of the low yield rate and sales, CNH would likely seek to recoup its losses by suing Bland Farms. This lawsuit is unjust, unfair and contrary to the agreement between the parties, as borne out by their course of dealing and by CNH's and Collins' conduct which, at that time, only ratified and approved of Bland Farms' efforts – from which they significantly benefitted.

19.     CNH's demand letter dated November 21, 2011 was the first time since the 2011 season started that Bland Farms ever had any indication from CNH that it had any problem with Bland Farms being paid its commission and expenses from the sales of the onions.

20.     I have reviewed CNH's Motion for Partial Summary Judgment and understand that CNH is alleging that there is no dispute that Bland Farms owes CNH and Collins the amount of $154,910.55. This amount is not correct and is disputed. CNH filed this lawsuit in January 2012 and subsequent calculations differ from the calculations relied upon by CNH. In addition, I understand that Michael Collins filed for bankruptcy in May of 2012, and he has not informed us what his position is with respect to the issues.

Declaration of Therese Bouwense,
Case No.: 6:12-cv-00003-BAE-GRS

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2012.


*Therese Bouwense*
Therese Bouwense

7

# EXHIBIT

# 1

STATE OF GEORGIA
COUNTY OF TATTNALL

### SHARECROPPER AGREEMENT

This Agreement made and entered into this _1st_ day of _Sept_, 200_4_, by and between **Mike Collins d/b/a Mike**

**and Travis Farms,** hereinafter referred to as "Collins" or "Landowner", of

_____, Tattnall County, Georgia, and **BLAND FARMS LLC** of Route 4, Highway 169, Glennville, Tattnall County,

Georgia, 30427, hereinafter referred to as "Bland" or "Cropper", and

   **WHEREAS,** Bland and Collins are agricultural Growers engaged in the business of growing and selling Vidalia

Sweet Onions, hereinafter referred to as "Onions", and

   **WHEREAS** the parties wish to enter into a sharecropping agreement for the purpose of planting, harvesting,

packaging and selling Vidalia Onions in order to identify and delineate the obligations of each, and

   **NOW, THEREFORE,** In consideration of the sum of Ten Dollars ($10.00) and other good and valuable

consideration and the mutual promises, covenants and conditions contained herein, Bland and Collins hereby agree as

follows:

### SECTION ONE: TERM AND RESPECTIVE DUTIES AND OBLIGATIONS

1. This Agreement shall begin on September 1, 2004, and continue for ten years, ending on August 31, 2014, and

then from year to year unless terminated as provided in this Agreement, to farm the following described property: See

Attached Exhibit "A", by reference incorporated herein; Exhibit "A" to be updated in September of each year.  Collins

and Bland agree to meet on or before August 15th of each year to discuss concerns and/or changes to this

agreement.

2. Collins shall contribute the use of his real property (includes, but not limited to packing shed and land used for planting

crop) and further contribute seed, fertilizer and chemicals necessary to produce each season's Onion crop and to apply

said fertilizer and chemicals efficiently and effectively, including the labor required for such and application; subject to the

oversight of Bland as hereinafter provided.

3. Bland shall:

   (A) Shall assist Collins in determining the maturity of crop for purposes of harvesting onions; however, Bland

   agrees that Collins has the final authority for making this decision.

   (B) Notify Collins of rejected loads within 72 hours; further Bland agrees to fax Collins scale tickets daily and

   a sales report on a daily basis; a summary expense report will be provided at the end of each week.

   (C) Shall assist in the cultivation of all tillable lands; Bland will plant and harvest such crops.

1

(D) Contribute the use of equipment, labor, and packing materials necessary to plant, harvest, grade and package each season's Onion crop;

(E) Market, distribute, and sell all US #1 grade Onions produced under the partnership and may market, distribute and sell all US #2 grade Onions subject to market demand. Bland agrees to use its best judgment in establishing terms and by the execution of this Agreement, Collins agrees to be bound by Bland's decisions in this regard;

(F) Invoice all products sold to customers under the name of Bland. Bland shall use its best efforts to collect accounts receivable from customers. Bland may grant credits, make adjustments in invoice prices, or abandon shipments as reasonable without consultation with Collins;

(G) Handle all claims with carriers, including the right to make claims in its own name or that of its designee and to litigate or settle such claims on such terms as it considers reasonable;

(H) Allow no waste on the described property; not permit to be removed, injured, or destroyed any building, fence, tree, shrub, or improvement of any kind or nature whatsoever; except with the written consent of landowner;

(I) Deliver to landowner the free and full possession of the described property at the expiration of this agreement, together with all buildings, fixtures, and improvements on such property in as good order and condition as they were at any time during the term of this agreement, usual and ordinary wear excepted, without default or delay and without requiring landowner to give notice to quit, which requirement of notice is expressly waived, and

(J) Make ordinary repairs to buildings, fences, waterworks, ditches, and tilling on the described property without charge for labor or hauling of material, providing the cost of such materials is paid by landowner; such repairs shall be those due to ordinary wear and tear and not repairs made necessary by destruction in whole or in part of the improvements on the described property.

4. Neither party shall assign this agreement, or alter or allow it to be altered, or permit any other person to occupy the described property during the term of this agreement, without the written consent of landowner.

## SECTION TWO: IMPROVEMENTS BY CROPPER

All buildings, fences, and improvements of every kind and nature that may be erected on the described property by cropper during the term of this agreement shall inure to the premises and become and remain the property of landowner.

## SECTION THREE: PARTICIPATION IN GOVERNMENT PROGRAM

The participation of the farm on the described property in any program of the United States Department of Agriculture, or similar governmental program, for crop production control, soil conservation, or range improvement, and the observance of the terms and conditions of any such program shall be at the sole option of landowner.

2

## SECTION FOUR: CROP INSURANCE

Collins will provide crop insurance and receive all benefits less reimbursement to Bland for costs incurred in panting and/or harvesting.

## SECTION FIVE: INSURANCE

Collins will provide worker's compensation for workers who cultivate and apply chemicals including fertilization.  Bland will provide worker's compensation for workers who plant, harvest, pack and sell.

## SECTION SIX: ENTRY BY LANDOWNER

If landowner shall desire, at any time during the term of this agreement, to sow or to plow and prepare the stubble ground for a subsequent crop, landowner or landowner's agent may enter on the described property for such purposes, without hindrance from or liability to the Cropper, so long as it is a crop which shall not interfere or adversely affect the following year's Onion crop.

## SECTION SEVEN: PAYMENT

Collins shall receive the entire payment from the sale of onions, after Bland deducts a sales commission of Eight Percent (8%) of each FOB Invoiced Sales, less the actual box and packing costs, less harvesting costs (harvesting costs not to exceed $1.25 per bushel for Crop Season 2005), less customer allowance for deductions.  Both parties agree that the sales commission percentage and the annual harvesting costs may be annually negotiated and mutually agreed upon on a yearly basis.  Bland shall collect all payments as set forth above and agrees to submit invoiced payment amounts to Collins within Thirty (30) day of shipping as set forth herein.

## SECTION EIGHT: CONSTRUCTION OF CONTRACT

Nothing shall be construed to make this agreement a lease of the described property, and it shall strictly remain and be a sharecropping agreement.

## SECTION NINE: TRADEMARKS

Bland will use its own Bland Farms trademarks. Collins acknowledges Bland's exclusive rights in any Trademarks owned by Bland and acknowledges that the Trademarks are unique and original to Bland and that Bland is the owner thereof. Collins shall not, at any time during or after the effective Term of the Agreement, dispute or contest, directly or indirectly, Bland's exclusive right and title to the Trademarks or the validity thereof.  Collins acknowledges that he shall not acquire any rights in any Trademarks owned or used by Bland as a result of this Agreement.  Bland further agrees to use the Trademark of Collins for its secondary market. Bland acknowledges Collins' exclusive rights in any Trademarks owned by

3

Collins and shall not, at any time during or after the effective Term of the Agreement, dispute or contest, directly or indirectly, Collins' exclusive right and title to the Trademarks or the validity thereof.

## SECTION TEN: NONCOMPETE BY LANDOWNER

Collins agrees that Bland will have exclusive rights to market all onions produced in this agreement. Bland specifically reserves the right to otherwise engage in, or agree to invest in, farm, purchase, sell or market Onions during the term of this Agreement

## SECTION ELEVEN: TERMINATION

Collins may terminate this agreement on August 15 of each year; notice of termination shall be in writing and be deemed sufficiently given when sent by certified or registered mail to the respective address of each party as set forth at the beginning of this document.  Bland may terminate this agreement only if Collins has a material breach in contract (example of breach, violation of section 10).

## SECTION TWELVE:  MISCELLANEOUS

1. This agreement constitutes the entire agreement between the parties and any prior understanding or representation of any kind preceding the date of this agreement shall not be binding on either party except to the extent incorporated in this agreement.

2. Any modification of this agreement or additional obligation assumed by either party in connection with this agreement shall be binding only if in writing signed by each party or an authorized representative of each party.

3. Neither party to this agreement shall be liable to the other for any loss, cost, or damages, arising out of, or resulting from, any failure to perform in accordance with the terms of this agreement where such failure shall be beyond the reasonable control of such party, which, as employed in this agreement, shall be deemed to mean, but not be limited to, acts of God, strikes, lockouts, or other industrial disturbances, wars, whether declared or undeclared, blockades, insurrections, riots, governmental action, explosions, fire, floods, or any other cause not within the reasonable control of either party.

4. Any notice provided for or concerning this agreement shall be in writing and be deemed sufficiently given when sent by certified or registered mail if sent to the respective address of each party as set forth at the beginning of this agreement.

5. Neither party has the authority to obligate the other for any debts, obligations, liabilities or responsibilities.

6. The rights set forth in this Agreement are individual to the parties herein and may not be assigned or transferred to third parties.

7. This Agreement represents the entire agreement of the parties and no representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect.  Time is of the

4

essence of the agreement. "Collins" or "Landowner" shall include the first party and his heirs and assigns; "Bland" or "Cropper" as used in this lease shall include the second party, its representatives, assigns and successor in title to the premises.

**IN WITNESS WHEREOF,** the parties have set their hands and seals the day and year first above written

BLAND FARMS                                      MICHAEL M. COLLINS

By: _____                      By: _____
Delbert Bland                                     Michael Collins d/b/a
Bland Farms                                       Mike and Travis Farms

Date: 9-1-04                                      Date: 9-1-04

By: _____
Michael Hively
Bland Farms

Date: _____

5

# COMPOSITE

# EXHIBIT

# 2

Date:7/26/2011

Mikie Collins
2011 Liquidations

| | | Total Sales<br>$ 1,186,517.59 $ | Total Paid<br>808,061.80 |
|---|---|---|---|
| Sales | | | |
| Additional Sales | | | |
| Less: Commission | | ($94,921.41) | $64,644.94 |
| Less: Bland Trucks Hauling | | ($6,194.98) | ($6,194.98) |
| Less: Bland Drying | | $0.00 | $0.00 |
| Less: VSO Assessments | | $11,929.78 | $11,929.78 |
| Less: Packing Fees | | ($105,532.63) | ($73,964.90) |
| Less: Hauling &Clip( Smith Farms) | | ($28,794.70) | ($28,794.70) |
| Less: Hauling &Clip( Smith Farms) | | ($9,852.70) | ($9,852.70) |
| Less: Hauling &Clip( Smith Farms) | | ($36,964.40) | ($36,964.40) |
| Less: Hauling &Clip( Smith Farms) | | ($120,806.00) | ($120,806.00) |
| Less: Materials (Including Pallets) | | (170,764.90) | |
| Less: Credit Memos | | (16,957.86) | ($16,957.86) |
| Due to Grower | | $704,604.24 $ | 437,951.54 |
| Less: Payment 4/29/11 | | ($58,000.00) | ($58,000.00) |
| Less: Payment 4/15/11 | | ($25,000.00) | ($25,000.00) |
| Less: Payment 5/6/11 | | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/13/11 | | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/20/11 | | ($65,000.00) | ($65,000.00) |
| Less: Payment 5/27/11 | | ($33,000.00) | ($33,000.00) |
| Less: Payment 5/27/11 | | ($2,000.00) | ($2,000.00) |
| Less: Payment 5/27/11(Labor) | | ($7,447.75) | ($7,447.75) |
| Less: Payment 6/3/11 | | ($35,000.00) | ($35,000.00) |
| Less: Payment 6/10/11 | | ($24,882.00) | ($24,882.00) |
| Less: Payment 6/17/11 | | ($20,000.00) | ($20,000.00) |
| Less: Payment 6/24/11 | | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/1/11 | | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/25/11 | | ($25,000.00) | ($25,000.00) |
| Less: Payment | | $0.00 | $0.00 |
| Less: Payment | | $0.00 | $0.00 |
| Less: Payment | | $0.00 | $0.00 |
| Less: Payment | | | $0.00 |
| Current Due to Grower | | $189,274.49 | ($77,378.21) |

Vendor No: MIKCO  / Name:  MICHAEL G COLLINS and                          28987

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 072511 | ONIONS | 07/25/11 | 25000.00 | 0.00 | 0.00 | 25000.00 |

(Acct: 01095000-000-000)           Check Date 07/25/11            Total        $25000.00

---

28987

**BLAND FARMS, LLC**
**OPERATING ACCOUNT**
1126 RAYMOND BLAND RD.
GLENNVILLE, GA 30427
PH. (912) 654-1426

Wachovia Bank,
a division of Wells Fargo Bank, N.A.
64-22/610

28987

***Twenty-Five Thousand & No/100 Dollars

|  | DATE | AMOUNT |
|--|------|--------|
|  | 07/25/11 | $25,000.00 |

TO THE
ORDER
OF

MICHAEL G COLLINS and
CNH Capital America LLC
389 CHARLES R ANDERSON RD
COLLINS, GA  30421

AUTHORIZED SIGNATURE

⑈028987⑈ ⑆061000227⑆ 20000286499889⑈

---

BLAND FARMS, LLC  OPERATING ACCOUNT                              28987

Vendor No: MIKCO  / Name:  MICHAEL G COLLINS and                 28987

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 072511 | ONIONS | 07/25/11 | 25000.00 | 0.00 | 0.00 | 25000.00 |

(Acct: 01095000-000-000)           Check Date 07/25/11            Total        $25000.00



Date:9/8/2011

Mikie Collins
2011 Liquidations

| | Total Sales | Total Paid |
|---|---|---|
| Sales | $ 2,371,331.10 | $ 2,180,581.23 |
| Additional Sales | | |
| Less: Commission | ($189,706.49) | ($174,446.50) |
| Less: Bland Trucks Hauling | ($6,194.98) | ($6,194.98) |
| Less: Bland Drying | $0.00 | $0.00 |
| Less: VSO Assessments | ($20,987.43) | ($20,987.43) |
| Less: Packing Fees | ($185,658.07) | ($173,588.36) |
| Less: Hauling &Clpt Smith Farms) | ($28,794.70) | ($28,794.70) |
| Less: Hauling &Clpt Smith Farms) | ($9,852.70) | ($9,852.70) |
| Less: Hauling &Clpt Smith Farms) | ($36,964.40) | ($36,964.40) |
| Less: Materials (Including Pallets) | ($300,325.70) | ($280,646.90) |
| Less: Credit Memos | ($31,244.23) | ($31,244.23) |
| Due to Grower | $1,561,602.40 | $ 1,417,861.03 |
| Less: Payment 4/29/11 | ($58,000.00) | ($58,000.00) |
| Less: Payment 4/15/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 5/6/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/13/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/20/11 | ($65,000.00) | ($65,000.00) |
| Less: Payment 5/27/11 | ($33,000.00) | ($33,000.00) |
| Less: Payment 5/27/11 | ($2,000.00) | ($2,000.00) |
| Less: Payment 5/27/11(Labor) | ($7,447.75) | ($7,447.75) |
| Less: Payment 6/3/11 | ($35,000.00) | ($35,000.00) |
| Less: Payment 6/10/11 | ($24,882.00) | ($24,882.00) |
| Less: Payment 6/17/11 | ($20,000.00) | ($20,000.00) |
| Less: Payment 6/24/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/7/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/25/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 8/4/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 8/15/11 | ($200,000.00) | ($200,000.00) |
| Less: Payment 8/25/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/2/11 | ($150,000.00) | ($150,000.00) |
| Current Due to Grower | $496,272.65 | $352,531.28 |

Michael G. Collins and CNH Capital America LLC
389 Charles R. Anderson Rd.
Collins GA, 30421

$150,000.00                                    check #          29855



BLAND FARMS, LLC
OPERATING ACCOUNT
1126 RAYMOND BLAND RD.
GLENNVILLE, GA 30427
PH. (912) 654-1426

Wachovia Bank,
a division of Wells Fargo Bank, N.A.
64-22/610

check #          29855

29855

*****One Hundred Fifty Thousand Dollars & 00/000******

                                                          DATE                    AMOUNT
                                             September 2, 2011              $ 150,000.00

TO THE
ORDER
OF

Michael G. Collins and CNH Capital America LLC
389 Charles R. Anderson Rd.
Collins GA, 30421

AUTHORIZED SIGNATURE

⑈029855⑈ ⑆061000227⑆ ⑈2000028649788⑈

BLAND FARMS, LLC   OPERATING ACCOUNT

29855

Date:10/3/2011

Mikie Collins
2011 Liquidations

Page:1

|  | Total Sales | Total Paid |
|---|---|---|
| Sales | $ 2,371,331.10 | $ 2,360,575.50 |
| Additional Sales |  |  |
| Less: Commission | ($189,706.49) | ($188,846.04) |
| Less: Bland Trucks Hauling | ($6,194.98) | ($6,194.98) |
| Less: Bland Drying | $0.00 | $0.00 |
| Less: VSO Assessments | ($20,987.43) | ($20,987.43) |
| Less: Packing Fees | ($185,658.07) | ($184,968.07) |
| Less: Hauling &Clip( Smith Farms | ($28,794.70) | ($28,794.70) |
| Less: Hauling &Clip( Smith Farms | ($9,852.70) | ($9,852.70) |
| Less: Hauling &Clip( Smith Farms | ($36,964.40) | ($36,964.40) |
| Less: Materials (Including Pallets) | ($299,093.70) | ($299,093.70) |
| Less: Credit Memos | ($38,276.33) | ($38,276.33) |
| Due to Grower | $1,554,570.30 | $ 1,546,597.15 |
| Less: Payment 4/29/11 | ($58,000.00) | ($58,000.00) |
| Less: Payment 4/15/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 5/6/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/13/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/20/11 | ($65,000.00) | ($65,000.00) |
| Less: Payment 5/27/11 | ($33,000.00) | ($33,000.00) |
| Less: Payment 5/27/11 | ($2,000.00) | ($2,000.00) |
| Less: Payment 5/27/11(Labor) | ($7,447.75) | ($7,447.75) |
| Less: Payment 6/3/11 | ($35,000.00) | ($35,000.00) |
| Less: Payment 6/10/11 | ($24,882.00) | ($24,882.00) |
| Less: Payment 6/17/11 | ($20,000.00) | ($20,000.00) |
| Less: Payment 6/24/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/7/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 7/25/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 8/4/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 8/15/11 | ($200,000.00) | ($200,000.00) |
| Less: Payment 8/25/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/2/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/8/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/23/11 | ($50,000.00) | ($50,000.00) |
| Current Due to Grower | $289,240.55 | $ 281,267.40 |

Vendor No: MIKCO  / Name: MICHAEL G COLLINS and                                    30050

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 0  11-MC | ONIONS | 09/23/11 | 50000.00 | 0.00 | 0.00 | 50000.00 |

(Acct: 01095000-000-000)          Check Date 09/23/11              Total        $50000.00

---

**BLAND FARMS, LLC**
**OPERATING ACCOUNT**
1126 RAYMOND BLAND RD.
GLENNVILLE, GA 30427
PH (912) 654-1426

30050

Wachovia Bank,
a division of Wells Fargo Bank, N.A.
64-22/610

30050

***Fifty Thousand & No/100 Dollars

|  | DATE | AMOUNT |
|--|------|--------|
|  | 09/23/11 | $50,000.00 |

PAY
TO THE   MICHAEL G COLLINS and
ORDER    CNH Capital America LLC
OF       389 CHARLES R ANDERSON RD
         COLLINS, GA  30421

AUTHORIZED SIGNATURE

⑈030050⑈ ⑆06⑆000227⑆ 2000028⑆4⑆7⑆88⑈

---

BLAND FARMS, LLC  OPERATING ACCOUNT

30050

Vendor No: MIKCO  / Name: MICHAEL G COLLINS and                                    30050

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 92311-MC | ONIONS | 09/23/11 | 50000.00 | 0.00 | 0.00 | 50000.00 |

Acct: 01095000-000-000)          Check Date 09/23/11              Total        $50000.00

Date:10/14/2011

Mikie Collins
2011 Liquidations

Page:1

| | Total Sales | | Total Paid |
|---|---|---|---|
| Sales | | | |
| Additional Sales | | | |
| | $ 2,371,331.10 | | $ 2,371,331.10 |
| Less: Commission | ($189,706.49) | | ($189,706.49) |
| Less: Bland Trucks Hauling | ($6,194.98) | | ($6,194.98) |
| Less: Bland Drying | $0.00 | | $0.00 |
| Less: VSO Assessments | ($20,987.43) | | ($20,987.43) |
| Less: Packing Fees | ($185,658.07) | | ($185,658.07) |
| Less: Hauling &Clip( Smith Farms) | ($28,794.70) | | ($28,794.70) |
| Less: Hauling &Clip( Smith Farms) | ($9,852.70) | | ($9,852.70) |
| Less: Hauling &Clip( Smith Farms) | ($36,964.40) | | ($36,964.40) |
| Less: Materials (Including Pallets) | (300,325.70) | | ($300,325.70) |
| Less: Credit Memos | (38,606.33) | | ($38,606.33) |
| Due to Grower | $1,554,240.30 | | $ 1,554,240.30 |
| Less: Payment 4/29/11 | ($58,000.00) | | ($58,000.00) |
| Less: Payment 4/15/11 | ($25,000.00) | | ($25,000.00) |
| Less: Payment 5/6/11 | ($60,000.00) | | ($60,000.00) |
| Less: Payment 5/13/11 | ($60,000.00) | | ($60,000.00) |
| Less: Payment 5/20/11 | ($65,000.00) | | ($65,000.00) |
| Less: Payment 5/27/11 | ($33,000.00) | | ($33,000.00) |
| Less: Payment 5/27/11 | ($2,000.00) | | ($2,000.00) |
| Less: Payment 5/27/11(Labor) | ($7,447.75) | | ($7,447.75) |
| Less: Payment 6/3/11 | ($35,000.00) | | ($35,000.00) |
| Less: Payment 6/10/11 | ($24,882.00) | | ($24,882.00) |
| Less: Payment 6/17/11 | ($20,000.00) | | ($20,000.00) |
| Less: Payment 6/24/11 | ($50,000.00) | | ($50,000.00) |
| Less: Payment 7/7/11 | ($50,000.00) | | ($50,000.00) |
| Less: Payment 7/25/11 | ($25,000.00) | | ($25,000.00) |
| Less: Payment 7/25/11 | ($50,000.00) | | ($50,000.00) |
| Less: Payment 8/4/11 | ($50,000.00) | | ($50,000.00) |
| Less: Payment 8/15/11 | ($200,000.00) | | ($200,000.00) |
| Less: Payment 8/25/11 | ($150,000.00) | | ($150,000.00) |
| Less: Payment 9/2/11 | ($150,000.00) | | ($150,000.00) |
| Less: Payment 9/8/11 | ($150,000.00) | | ($150,000.00) |
| Less: Payment 9/23/11 | ($50,000.00) | | ($50,000.00) |
| Less: Payment 10/05/11 | ($24,000.00) | | ($24,000.00) |
| Current Due to Grower | $264,910.55 | $ | 264,910.55 |

BLAND FARMS, LLC  OPERATING ACCOUNT                                                        30255

endor No: MIKCO  / Name: MICHAEL G COLLINS and                                              30255

| voice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---|---|---|---|---|---|---|
| 0. -MC | ONIONS | 10/05/11 | 24000.00 | 0.00 | 0.00 | 24000.00 |

cct: 01095000-000-000)                 Check Date 10/05/11              Total        $24000.00

---

**BLAND FARMS, LLC**
**OPERATING ACCOUNT**
1126 RAYMOND BLAND RD.
GLENNVILLE, GA 30427
PH. (912) 654-1426

Wachovia Bank,
a division of Wells Fargo Bank, N.A.
64-22/610

30255

30255

***Twenty-Four Thousand & No/100 Dollars

DATE                  AMOUNT
10/05/11          $24,000.00

PAY
TO THE   MICHAEL G COLLINS and
ORDER    CNH Capital America LLC
OF       389 CHARLES R ANDERSON RD
         COLLINS, GA  30421

AUTHORIZED SIGNATURE

⑈030255⑈ ⑈061000227⑈ 2000028649788⑈

---

BLAND FARMS, LLC  OPERATING ACCOUNT                                                        30255

endor No: MIKCO  / Name: MICHAEL G COLLINS and                                              30255

| voice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---|---|---|---|---|---|---|
| 0511-MC | ONIONS | 10/05/11 | 24000.00 | 0.00 | 0.00 | 24000.00 |

ct: 01095000-000-000)                 Check Date 10/05/11              Total        $24000.00

Date:10/28/2011

Mikie Collins
2011 Liquidations

Page:1

| | Total Sales | Total Paid |
|---|---|---|
| Sales | $ 2,371,331.10 | $ 2,371,331.10 |
| Additional Sales | | |
| Less: Commission | ($189,706.49) | ($189,706.49) |
| Less: Bland Trucks Hauling | ($6,194.98) | ($6,194.98) |
| Less: Bland Drying | $0.00 | $0.00 |
| Less: VSO Assessments | ($20,987.43) | ($20,987.43) |
| Less: Packing Fees | ($185,658.07) | ($185,658.07) |
| Less: Hauling &Clip( Smith Farms) | ($28,794.70) | ($28,794.70) |
| Less: Hauling &Clip( Smith Farms) | ($9,852.70) | ($9,852.70) |
| Less: Hauling &Clip( Smith Farms) | ($36,964.40) | ($36,964.40) |
| Less: Materials (Including Pallets) | ($300,325.70) | ($300,325.70) |
| Less: Credit Memos | ($38,606.33) | ($38,606.33) |
| **Due to Grower** | **$1,554,240.30** | **$ 1,554,240.30** |
| Less: Payment 4/29/11 | ($58,000.00) | ($58,000.00) |
| Less: Payment 4/15/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 5/6/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/13/11 | ($60,000.00) | ($60,000.00) |
| Less: Payment 5/20/11 | ($65,000.00) | ($65,000.00) |
| Less: Payment 5/27/11 | ($33,000.00) | ($33,000.00) |
| Less: Payment 5/27/11 | ($2,000.00) | ($2,000.00) |
| Less: Payment 5/27/11(Labor) | ($7,447.75) | ($7,447.75) |
| Less: Payment 6/3/11 | ($35,000.00) | ($35,000.00) |
| Less: Payment 6/10/11 | ($24,882.00) | ($24,882.00) |
| Less: Payment 6/17/11 | ($20,000.00) | ($20,000.00) |
| Less: Payment 6/24/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/7/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 7/25/11 | ($25,000.00) | ($25,000.00) |
| Less: Payment 8/4/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 8/15/11 | ($200,000.00) | ($200,000.00) |
| Less: Payment 8/25/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/21/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/8/11 | ($150,000.00) | ($150,000.00) |
| Less: Payment 9/23/11 | ($50,000.00) | ($50,000.00) |
| Less: Payment 10/05/11 | ($24,000.00) | ($24,000.00) |
| Less: Payment 10/14/11 | ($20,000.00) | ($20,000.00) |
| Less: Payment 10/20/11 | ($30,000.00) | ¿($30,000.00) |
| **Current Due to Grower** | **$214,910.55** | **$   244,910.55** |

BLAND FARMS, LLC  OPERATING ACCOUNT                                          30566

Vendor No: MIKCO   / Name:  MICHAEL G COLLINS and                            30566

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 01711-MC | ONIONS | 10/17/11 | 30000.00 | 0.00 | 0.00 | 30000.00 |

Acct: 01095000-000-000)          Check Date 10/20/11              Total          $30000.00

**BLAND FARMS, LLC**
**OPERATING ACCOUNT**
1126 RAYMOND BLAND RD.
GLENNVILLE, GA 30427
PH. (912) 654-1426

Wachovia Bank,
a division of Wells Fargo Bank, N.A.
64-22/610

30566

30566

***Thirty Thousand & No/100 Dollars

| | DATE | AMOUNT |
|---|------|--------|
| | 10/20/11 | $30,000.00 |

TO THE
ORDER
OF
MICHAEL G COLLINS and
CNR Capital America LLC
389 CHARLES R ANDERSON RD
COLLINS, GA  30421

AUTHORIZED SIGNATURE

⑈030566⑈ ⑆061000227⑆ 200002864599 88⑈

BLAND FARMS, LLC  OPERATING ACCOUNT                                          30566

Vendor No: MIKCO   / Name:  MICHAEL G COLLINS and                            30566

| Invoice | Ref | Inv Date | Inv Amt | Discount | Adj Amt | Amt Paid |
|---------|-----|----------|---------|----------|---------|----------|
| 01711-MC | ONIONS | 10/17/11 | 30000.00 | 0.00 | 0.00 | 30000.00 |

Acct: 01095000-000-000)          Check Date 10/20/11              Total          $30000.00