IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BLAND FARMS, LLC,<br>MIKE AND TRAVIS FARMS, LTD.,<br>and MICHAEL G. COLLINS,<br><br>    Defendants. | Case No.: 6:12-cv-00003-BAE-GRS |

## NOTICE OF FILING DECLARATION OF MICHAEL HIVELY

Defendant, Bland Farms, LLC ("Bland Farms"), by and though its undersigned counsel, hereby gives notice of filing the Declaration of Michael Hively in support of Bland Farms' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment Against Defendant Bland Farms, and any other proceeding in connection with this action.

    Respectfully submitted,

    Daniel O. Mena, Esq.
    AVILA RODRIGUEZ HERNANDEZ
    MENA & FERRI LLP
    *Counsel for Bland Farms, LLC*
    *\*Admitted Pro Hac Vice*
    2525 Ponce de Leon Blvd., Suite 1225
    Coral Gables, FL 33134
    Telephone: (305) 779-3575
    Facsimile: (305) 779-3561
    E-mail: dmena@arhmf.com

    AND

Notice of Filing Declaration of Michael Hively,<br>
Case No.: 6:12-cv-00003-BAE-GRS

William E. Dillard, Esq.
BRENNAN AND WASDEN, LLP
*Counsel for Bland Farms, LLC*
P.O. Box 8047
Savannah, Georgia 31412
Telephone: (912) 232-6700
Facsimile: (912) 232-0799
E-mail: bdillard@brennanandwasden.com

By: s/Daniel O. Mena
    Daniel O. Mena, Esq.
    Fl. Bar No. 59579
    Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Daniel O. Mena
                                     By: Daniel O. Mena, Esq.

Notice of Filing Declaration of Michael Hively,
Case No.: 6:12-cv-00003-BAE-GRS

## SERVICE LIST

**CNH CAPITAL AMERICA LLC v. BLAND FARMS, LLC,
MIKE AND TRAVIS FARMS, LTD., and MICHAEL G. COLLINS,
Case No. 6:12-cv-00003-BAE-GRS
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

David A. Garland, Esq.
Matthew E. Eutzler, Esq.
Moore, Clarke, DuVall, and Rodgers, P.C.
2829 Old Dawson Road (31707)
Post Officer Drawer
Albany, GA 31708-1727
Telephone: (229) 888-3338
Facsimile: (229) 888-1191
Email: dgarland@mcdr-law.com
Email: meutzler@mcdr-law.com
*Counsel for Plaintiff*
Served via transmission of Notice of Electronic
Filing generated by CM/ECF

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA LLC, | § <br> § <br> § |
| Plaintiff, | § |
| | §  C.A. No.: 6:12-cv-00003-BAE-GRS |
| v. | § <br> § |
| BLAND FARMS, LLC, <br> MIKE AND TRAVIS FARMS, LTD., <br> and MICHAEL G. COLLINS, | § <br> § <br> § <br> § |
| Defendants. | |

## DECLARATION OF MICHAEL HIVELY

I, Michael Hively, make the following declaration under penalty of perjury pursuant to 28 U.S.C. §1746.

1. My name is Michael Hively. I am over 18 years of age and competent to make this Declaration. The statements contained herein are based on my personal knowledge, unless otherwise indicated.

2. I worked at Bland Farms, LLC ("Bland Farms") for several years, until I left in November of 2011. While at Bland Farms, I held the title of Chief Financial Officer and Chief Operating Officer until June 2011 and Director of Operations until November of 2011. Bland Farms is in the business of packaging, marketing and selling onions (including some onions grown by Bland Farms) using its packing house and distribution network.

3. While I worked at Bland Farms, I was involved in the sales of onions by Bland Farms on behalf of Mike Collins and Mike and Travis Farms (collectively "Collins"). Collins is a local grower of onions, not a seller. Collins did not have the ability to properly package the

Declaration of Michael Hively,
Case No.: 6:12-cv-00003-BAE-GRS

onions, palletize the onions, market the onions or sell them. This is the reason Collins needed Bland Farms.

4. The payment terms between Bland Farms and Collins were generally set forth in a written agreement called Sharecropper Agreement, dated September 1, 2004. At all times, Collins was entitled to receive, and did receive, the payment from the sale of onions after Bland Farms received its commission and expenses incurred in harvesting, packaging, marketing and/or selling the subject onions. In other words, Bland Farms would be paid its commission and expenses and Collins would receive the balance.

5. I understood that CNH Capital America LLC ("CNH") had been Collins' lender for several years. In March of 2011, Buddy Couch of CNH visited my office and informed me that he, on behalf of CNH, would be personally overseeing Bland Farms' sales of Collins' onions and the liquidation. I showed Mr. Couch an example of a prior year, 2010, liquidation report that detailed the payment arrangement between Collins and Bland Farms. The report showed, and I explained to Mr. Couch, that after Bland Farms sold the onions, but before Collins was paid, Bland Farms would receive payment of its commission and expenses (such as hauling fees, clip fees, VSO assessments, packing fees and materials, which Bland Farms incurred in harvesting, packaging, marketing and/or selling the onions) from the sales price.

6. During this initial meeting with Mr. Couch, I explained to him, in detail, Bland Farm's process in connection with drying, packaging, marketing and selling the onions, as well as Bland Farms' expenses and commission. I explained to Mr. Couch that if Bland Farms did not get reimbursed from the sales price for Bland Farms' expenses and commissions in connection with the packaging, marketing and sale of the onions, then Bland Farms would not sell the onions. Mr. Couch said he understood and had no problem with this arrangement.

2

Declaration of Michael Hively,
Case No.: 6:12-cv-00003-BAE-GRS

7. A few weeks later, Mr. Couch came to my office and specifically requested that Bland Farms begin sending the liquidation reports for the 2011 onion season directly to CNH reflecting the terms discussed and agreed during our initial meeting. I introduced Mr. Couch to Therese Bouwense, the Director of Finance for Bland Farms, and Brenda Hartley, who worked in Bland Farms' accounting department, who prepared the reports and explained to them that the 2011 liquidation spreadsheets should be sent to CNH as requested by Mr. Couch. During this meeting, I reviewed with Mr. Couch, as well as with Ms. Bouwense and Ms. Hartley, a 2011 liquidation report showing the expenses and commissions paid to Bland Farms from the sales price of the onions with the balance paid to Collins and CNH. Mr. Couch agreed, acquiesced and did not object to the distribution of the monies generated from the onion sales in this manner.

8. Bland Farms' employees sent the reports to CNH as requested by Mr. Couch. In my meetings with Mr. Couch, I told him to call me in the event he had any problem with the information provided to him or with the sale of the onions. Mr. Couch never called me again. In fact, I was never contacted again by Mr. Couch or anyone at CNH regarding any problems with the 2011 liquidation reports. CNH and Collins did not object to the application of the monies generated by the sales of the onions described in the reports.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on October 4, 2012.

_____
Michael Hively