# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CNH CAPITAL AMERICA, LLC,

Plaintiff,

v.

BLAND FARMS, LLC,
MIKE AND TRAVIS FARMS, INC.,
And MICHAEL G. COLLINS,

Defendants.

Case No. CV612-003

## ORDER

In this creditor/debtor action, debtor-defendant Bland Farms, LLC (Bland), accuses its lender, plaintiff CNH Capital America, LLC (CNH), of engaging in bad faith discovery conduct. It thus moves to compel. Doc. 66. Some background: CNH sued Bland for breaching their subordination agreement and converting CNH's collateral. Some of Bland's crops secured CNH's loan, and CNH says Bland sold crops in violation of the subordination agreement. Doc. 36 at 2; doc. 44 at 2. Answering CNH's complaint, Bland denied liability and affirmatively defended on theories like waiver and estoppel. Doc. 36 at 2. Bland basically says that CNH entered into a Sharecropper Agreement with it,

and although Bland deviated from the parties' contractual framework, CNH "received and accepted significant sums of monies, in excess of the amount claimed by [it] . . . for the sale of the subject crops." *Id.* at 2-3.

Bland served CNH with 57 document requests pursuant to Fed. R. Civ. P. 34 for things like "[a]ll communications pertaining to the proceeds or expenses of the sale of crops that are subject to this action, including, but not limited to, internal communications between or among agents of the [p]laintiff and communications between [p]laintiff and anyone." Doc. 66 at 3. CNH objected to 49 of them by claiming -- falsely, Bland contends -- that Bland already had those documents or had "equal access" to them. *Id.*[1] CNH also objected to Bland's use of routine terms like "agent" and "agreements." *Id.* at 4. Worse, CNH waited until after all but one witness had been deposed before producing 76 pages of response email communications involving many of the witnesses already deposed. *Id.*

Bland wants this Court to overrule CNH's objections and order full compliance with its discovery requests, plus pay Bland for the cost of re-deposing three deposition witnesses. Doc. 66 at 4; doc. 70 at 4-5. It

---

[1] The complete set of requests and responses are filed in the record. Doc. 66-2.

also wants CNH to provide a corporate representative's affidavit attesting that he "has searched for and produced all responsive documents. . . ." Doc. 66 at 4.

CNH says it responded to Bland's document request early by emailing it 227 pages of documents ahead of three depositions. Doc. 67 at 2-3. Five days prior to its due date, it emailed 12 more pages ahead of another deposition. *Id.* at 3. And one day before yet another deposition, it hand-delivered yet another 5 pages related to yet another deposition. *Id.* CNH did similar document deliveries in conjunction with other depositions. *Id.* It emphasizes that it produced documents *earlier* than it needed to in an attempt to cooperate with Bland. *Id.* at 3-4.

CNH also represents that, while it did produce 76 pages of documents 21 days after the due date, it discovered them in one of its employee's (Dave Swigart's) computer files and immediately turned them over. Doc. 67 at 4 ¶ 10. And it had previously produced 35 of those. *Id.* Of the remaining 41 pages, it opines that 18 are of no substantive value to Bland (they "contain duplicate email chains"), which leaves 23 relating to a witness (Swigart) deposed by Bland, and 11 of them "relate to e-mail chains either authored by or sent directly to Swigart." *Id.* "Of the

remaining twelve (12) pages of documents, Swigart was copied with each e-mail." *Id.* Hence, there was no bad faith, it contends. *Id.* at 4-5; doc. 68 at 1-2, 4. Bland, CNH also contends, fails to show why CNH's objections are improper. Doc. 67 at 6.

Finally, CNH points out that Bland has failed to comply with Local Rule 26.5.[2] *Id.* And it also complains (though it seeks no compulsion order or sanction) that Bland itself did not timely produce its own written discovery responses. Doc. 68 at 4-5. Indeed, "Bland has still refused to produce Bland's Operating Agreement, which CNH requested through its Request for Production of Documents 10." *Id.* at 5.

Bland points to CNH's own response filings in which CNH produced 44 *new* pages of requested documents relating to three, already deposed witnesses. This evinces CNH's intent, says Bland, to continue

---

2 That rule requires Bland to

> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

Local Rule 26.5.

withholding responsive documents and violate CNH's discovery obligation. Doc. 70 at 1-2 (citing doc. 68-2). And those documents were produced six weeks *after* the discovery cut-off, following the deposition of three critical witnesses. *Id.* at 4.

Bland also emphasizes that its counsel had obtained from CNH's counsel his assurance that CNH had produced all responsive documents, when in fact CNH's own responsive filings here show that it had not. Doc. 70 at 3. More specifically, CNH produced 76 pages on the eve of the David Swigart deposition *after* its counsel had assured Bland's that its document production was complete. *Id.* Bland thus concludes that it has been deprived of the opportunity to adequately depose witnesses Swigart, Chad Wolfe, and Buddy Couch. Doc. 70 at 4-5. And CNH "has never produced a privilege log or any other document identifying the documents being withheld based on [a] purported 'privilege[.]'"[3] *Id.* at 5. Too, its objections are meritless. *Id.*

## I. ANALYSIS

### A. Local Rule 26.5

[3] Despite this Court's unlimited reply brief policy, *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003), CNH has not rebutted these two key assertions.

Bland says it did not comply with Local Rule 26.5 because of the sheer volume and length required to set out 66 specific objections and 12 general objections, some covering a full page in length. Doc. 70 at 6-7. Indeed, "[t]he objections themselves would have vastly exceeded the Court's 26-page limit for the Motion as required under Local Rule 7.1." *Id.* at 7. It thus asks the Court to be excused from this requirement.

The Court agrees with Bland that compliance with Rule 26.5 would have wasted resources.[4] The rule enables efficient judicial review. Because just one or a few document requests or interrogatories are typically in dispute, Rule 26.5 saves the Court time by requiring that excerpts be placed within a brief. Here the dispute turns on the majority of the document requests, so the route Bland chose is acceptable.

**B. Document Requests**

CNH's spokesman Chad Wolfe attests: "With the exception of documents subject to objections raised by CNH, after a diligent search of CNH's records, Affiant is confident that no other documents responsive

---

4 Bland has filed, as exhibits to its motion to compel, the actual discovery requests and responses. Doc. 66-1 (its document requests); doc. 66-2 (CNH's responses). In addition, its counsel set out the specific requests, objections and points of disagreement in its "duty-to-confer" showing. Doc. 66-4 at 2-4; *see also id.* at 5-6 (CNH's response).

to" Bland's document request "are in CNH's possession." Doc. 68-2 at 4. The Court reads CNH's "agent" objection as simply showing CNH's refusal to judicially admit, by the mere act of turning over "responsive" documents, that any one individual acted as an "agent" or formed a "contract" along the lines Bland alleges. That objection is harmless so long as all documents are turned over anyway (a party may state any objections they want if in fact they produce the information, since the objection is binding on no one). The sole issue now before the Court, after all, is whether *discoverable* (not necessarily admissible) documents have been produced.[5]

CNH's "equal access" objection, suggesting it did not have to produce documents because it believed Bland had equal access to them (it does not say how), is meritless bordering on bad faith: No one can say for

---

[5] However, to the extent that any documents have been withheld subject to the "agent," "agreement," or similar objections, the Court orders CNH to produce them. CNH cites no authority to support its contention that the mere act of turning over documents prejudices it merely because Bland may *contend* that such turnover somehow "proves" agency or contractual assent. Under the applicable relevancy standards, *Herron v. Chisolm*, 2012 WL 4753394 at * 2 n. 9 (S.D. Ga. Oct. 3, 2012), Bland is entitled to "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), which means facts relevant to the litigation. It is entitled to review any documents which it reasonably feels may support its "Sharecropper Agreement" defense, for example. As for any documents withheld because of, for example, the attorney-client privilege, CNH shall promptly turn over to Bland a privilege log.

sure whether the requestor is thinking of the same documents sought from the requestee, so for the latter to say "you have equal access to them" is to travel on sheer speculation. The Court directs CNH to turn over any documents withheld based on that objection.

Wolfe's attestation, meanwhile, moots Bland's insistence that CNH be required to have a corporate representative attest to good faith search and document production. Doc. 66 at 4. However, the hedgy language CNH employs[6] here gives credence to Bland's contention that at best CNH was inexcusably laggard in timely responding to Bland's document requests. Bland's documentation, for that matter, supports its assertion that CNH expressly assured full document production when in fact it did not fully comply. Doc. 66-4; doc. 70 at 3-4. And it is now undisputed that the delayed document production interfered with Bland's efforts to

[6] CNH says that it "diligently searched its records to comply with the original document production. However, due to a printing error on a printer used by numerous persons, a portion of the documents were not previously produced. CNH has conducted an additional search of its computer records and has located the documents attached hereto as Exhibit '1.'" Doc. 68-2 at 4 ¶ 15; *see also id.* ¶ 13 ("On November 27, 2012, CNH discovered [76] pages of documents which it understood may have related to this matter. CNH discovered these documents in a computer file of Dave Swigart, an ex-employee of CNH. Mr. Swigart was the General Manager of Ag Finance Solutions for CNH until June, 2011."). Conspicuously, CNH does not explain *how* a "printing error" caused it to miss documents sought by Bland. Nor does it provide any details as to how and why it discovered the Swigart documents (e.g., how diligent it was in scrutinizing Swigart's computer when it *initially* responded to Bland's document request). These explanations suggest that laxity, like sand in the machinery, seeped in and created an inexcusable production delay.

meaningfully depose Buddy Couch, who is an ex-CNH employee with knowledge of the CNH-Bland business relationship. Doc. 70 at 2. The same must be said for Chad Wolfe and Dave Swigart. *Id.* at 3-4.

It is an appropriate Fed. R. Civ. P. 37[7] sanction, then, that CNH pay for the attorney fees and costs of redeposing those three witnesses -- *after* CNH hands over its privilege log and any other documents it discovers due to "printer" or other errors. Meanwhile, Bland requests that the Court defer ruling on CNH's summary judgment motion until after the re-depositions. Doc. 70 at 8. Because the summary judgment motion is before the district judge, Bland must request that directly from him.

## II. CONCLUSION

The Court **GRANTS** in part and **DENIES** in part defendant Bland Farms, LLC's motion to compel. Doc. 66. Plaintiff CNH Capital America, LLC, is **DIRECTED** to furnish the aforementioned documents. It also must provide to Bland a privilege log identifying what *privileged* documents it is refusing to produce and the privilege that it invokes. It is free to reserve objection to "agent" and "agreement" document requests, but it is not free to withhold any documents based upon those or similar

---

7 The Rule *requires* the Court to award reasonable expenses unless CNH's nonproduction was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

*non-privileged* based objections. Finally, CNH shall pay Bland's attorney fees and costs for re-deposing Buddy Couch, Chad Wolfe, and Dave Swigart.[8]

**SO ORDERED** this 14th day of February, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8 The parties are expected to in good faith meet and confer over this expense, and only if they cannot resolve it return to the Court for judicial assistance.